FILED

SEP 2 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 2:25-MJ-185 |
| v. ) | JUDGE WYRICK |
| ) | |
| ERIC DEWAYNE COBB ) | |

## CRIMINAL COMPLAINT

I, Cullen G. Conerly, Special Agent with the Drug Enforcement Administration, the complainant in this case, state that the following is true to the best of my knowledge and belief.

## COUNT ONE

The United States Attorney charges that on or about June 04, 2025, in the Eastern District of Tennessee, the defendant, Eric Dewayne COBB, did knowingly and intentionally conspire with others, known and unknown to the United States Attorney, to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, its isomers, and salts of its isomers, a Schedule II controlled substance, in violation of and Title 21, United States Code Section, 841(a)(1).

[21 U.S.C. §§ 846 and 841(b)(1)(A)]

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1. I am employed with the U.S. Drug Enforcement Administration (DEA) as a Special Agent and have been so employed for over 9 years. I currently am assigned to the Johnson City, Tennessee (TN) Post of Duty. Prior to my employment with the DEA, I received a B.A. in Criminology from The University of Tennessee.

2. In February 2017, I completed the Basic Agent Training Program at the DEA

Justice Training Center in Quantico, Virginia. While attending Basic Agent Training, I received instruction on topics including narcotics identification, surveillance techniques, methods of operation of narcotics traffickers, confidential source management, establishing probable cause from sources, interview and interrogation, controlled substances laws, drug conspiracy law, undercover operations and current trends/patterns involving the distribution of narcotics. I have received instruction in investigative techniques and have conducted investigations concerning the unlawful distribution of illegal narcotics, possession with intent to distribute controlled substances, importation of illegal narcotics, the use of communication facilities to conduct illegal narcotics transactions, maintaining places for purposes of manufacturing, distributing, or using controlled substances, and conspiracies to commit these offenses, in violation of Title 21 of the United States Code. Based upon my work experience, and conversations with other experienced agents and detectives, I have become well-versed in the methodology utilized in illegal narcotics trafficking, the specific type of language used by illegal narcotics traffickers, and the unique patterns employed by narcotics organizations.

3. I know the following information from information I received from other investigators, police officers, and/or from other individuals. As further detailed below, I have probable cause to believe that Eric COBB has violated Title 21, United State Code, Sections 841(a)(1) and 846.

4. On July 02, 2025, a large pallet of boxes was interdicted by members of the Tennessee Department of Corrections at the Northeast Correction Complex in Mountain City, TN. The pallet, labeled as a "Global Foods" shipment, was found to contain numerous items of contraband, including approximately five (5) pounds of paper that field tested positive for crystal methamphetamine.

5. Investigators were able to track the shipment back to a United Parcel Service (UPS) location at 319 Vann Drive, Suite E, Jackson, TN.

6. On August 18, 2025, investigators were able to review surveillance video footage at the previously identified UPS store. Upon reviewing surveillance footage, Eric COBB was identified shipping the interdicted pallet on June 04, 2025. Further, a vehicle identified as a blue 2005 Infinity SUV was identified as being driven by COBB on the surveillance footage at the UPS store.

7. Investigators have learned through their investigation that individuals incarcerated in the Northeast Correction Complex have been receiving packages of contraband, including paper soaked in methamphetamine, for distribution within the facility.

8. COBB, through law enforcement databases, was identified as being a previously incarcerated individual in the Tennessee Department of Corrections and documented gang member.

9. Based on the facts set forth in this affidavit, probable cause exists to believe that COBB conspired to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

Cullen G. Conerly
Special Agent
Drug Enforcement Administration

Sworn to before me and attested to as the signature of the affiant by telephone, the documents having been transmitted to me by reliable electronic means.

On September 23, 2025:

*[signature]*
CYNTHIA RICHARDSON WYRICK
UNITED STATES MAGISTRATE JUDGE